# IN THE COURT OF APPEALS OF IOWA

No. 24-1876
Filed September 4, 2025

**JOSEPH MAYORGA JR.,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (North) County, Joshua P. Schier, Judge.

An applicant appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

Sonia Elossais of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

In January 2018, the district court entered judgment and sentence on Joseph Mayorga's guilty plea to second-degree murder.[1]  Mayorga did not file a direct appeal.

In August 2021, Mayorga filed the present application for postconviction relief (PCR).  The day before the PCR trial, Mayorga's attorney filed a motion to continue, which the district court declined to grant.  The next day, Mayorga and his attorney failed to appear at trial.  The district court dismissed the case.  Mayorga appealed, and this court determined Mayorga's counsel's actions "amounted to Mayorga being constructively without counsel."  *Mayorga v. State*, No. 23-0029, 2024 WL 1295965, at *3 (Iowa Ct. App. Mar. 27, 2024).  Our court reversed the district court's dismissal of the PCR application and remanded for further proceedings.  *Id*.  On remand, a different attorney was appointed to represent Mayorga.

The State filed a motion for summary disposition, claiming in part that Mayorga's application was outside the three-year statute of limitations.  *See* Iowa Code § 822.3 (2021).  Mayorga filed an amended application and supporting affidavit claiming "the existence of newly discovered evidence," namely, text messages between Mayorga and J.N. that occurred before the murder and "a

---

[1] Mayorga was charged with first-degree murder.  At the plea hearing, regarding the factual basis supporting his guilty plea to second-degree murder, Mayorga told the court that after he learned J.N. was "having sex" with his wife, "we were sitting in my vehicle, and [J.N.] had made a statement regarding my wife, and it put me in a rage, so I shot [J.N.]" "[i]n his eye."  Mayorga further stated, "I drove [J.N.] to Indian Path and removed him from my vehicle and I drove away."

summary of the texts that the police used to argue the premeditation element of the initial first-degree murder charge."[2]

The matter came before the court without a hearing.  The court thereafter entered a ruling granting the State's motion for summary disposition, stating in part:

> The State argues that this matter should be dismissed based upon the Applicant's failure to file the action within the statute of limitations period.  While the Applicant argues against dismissal, he is not doing so based upon any dispute of material facts.  It is undisputed that the Applicant was sentenced on January 23, 2018.  It is further undisputed that the Applicant filed his Application on August 24, 2021, more than seven months past the limitations period. . . .
>
> . . . .
>
> As for the Applicant's new claim of newly discovered evidence, again this claim falls short.  Iowa Code Section 822.3 allows for exceptions to the statute of limitations for "a ground of fact or law that could not have been raised within the applicable time period."  The Applicant argues that he requested the discovery in his case from his attorney in August or September 2018, and he received said discovery in September or October 2018.  That discovery included text messages which the Applicant believes would have prevented the State from charging him with the crime of Murder in the First Degree, and instead the State could have charged no more than Murder in the Second Degree.
>
> The issue with this argument is that the Applicant is not alleging to have found any evidence that includes material facts that require vacation of his conviction and sentence for Murder in the Second Degree.  The "new" evidence the Applicant is relying on is in fact not new and could have been filed upon well before the statute of limitations had expired.  The Applicant had all of the discovery in his case, including the text messages, available to him prior to his plea and sentencing (nowhere in his Affidavit does the Applicant state that the text messages were newly discovered evidence not revealed in pre-plea discovery).  During the plea, the Court asked the Defendant if he had "a chance to read all the documents, all the police reports, any other information that was brought to you by discovery in this case" and the Applicant answered "Yes, sir."

---

[2] Mayorga also raised a claim of equitable tolling on the basis of COVID-19 and because he was in federal prison, but he does not present that issue on appeal, nor would it be persuasive if he did. *See McCoy v. State*, No. 23-1286, 2025 WL 400745, at *3–4 (Iowa Ct. App. Feb. 5, 2025) (observing our appellate court has repeatedly held that equitable tolling does not apply to section 822.3).

> Therefore the text messages that the Applicant is relying on as newly discovered evidence are in no way new evidence. They are evidence that the Applicant had prior to his plea and conviction on January 23, 2018 and any issues found in them could have been raised within the three-year limitations period.

Mayorga filed a motion to reconsider, which the court denied.

On appeal, Mayorga challenges the court's order, claiming "[b]oth the State's motion and the district court's order seem to conflate the standard for a motion for summary disposition with the standard for a motion to dismiss." According to Mayorga, "[r]ather than taking [his] claims in the light most favorable to him, the district court took it upon itself to address the merits of [the] claims without giving him an opportunity for an evidentiary hearing."

"We ordinarily review summary dispositions of PCR applications for correction of errors at law." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). "The court may grant a motion by either party for summary disposition of the application, when it appears . . . there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* at 729–30 (quoting Iowa Code § 822.6(3)).

Upon our review, we conclude the court properly applied the law in evaluating and dismissing Mayorga's application. *See LeGear v. State*, No. 24-0664, 2025 WL 1704027, at *6 (Iowa Ct. App. June 18, 2025) (finding the basis the applicant relied on to form his newly-discovered-evidence claim was "not a new ground of fact" because it existed at the time of his criminal trial); *Harris v. State*, No. 21–1166, 2023 WL 152755, at *1–2 (Iowa Ct. App. Jan. 11, 2023) (affirming the PCR court's dismissal of an application as time-barred and rejecting the applicant's request to develop his claim concerning newly-discovered evidence

because he "alleged no specific facts or evidence to support" it); *McCoy v. State*, No. 24-0903, 2025 WL 2237386, at *3 (Iowa Ct. App. Aug. 6, 2025) ("Viewing the facts in the light most favorable to McCoy, he has not generated a sufficient question of fact to survive summary dismissal."); *see also Garcia v. State*, No. 23-1246, 2025 WL 52831, at *2 (Iowa Ct. App. Jan. 9, 2025) ("If the bar of the limitations period is avoided, a substantive claim of newly discovered evidence under section 822.2(1)(d) requires a proof that the evidence (1) 'was discovered after the verdict'; (2) 'could not have been discovered earlier in the exercise of due diligence'; (3) 'is material to the issues in the case and not merely cumulative or impeaching'; and (4) 'probably would have changed the result of the trial.'" (quoting *Harrington v. State,* 659 N.W.2d 509, 516 (Iowa 2003))).

We affirm the court's dismissal of Mayorga's PCR application.

**AFFIRMED.**